UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-23-KAC-JEM |
| | ) | |
| ORONDE M. GRAHAM, | ) | |
| JAMIL A. DOUGLAS, | ) | |
| MARVIN B. CHANEY, and | ) | |
| EMILY M. LONG, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Emily Long's Motion to Continue [Doc. 37] and Defendant Oronde Graham's Motion to Continue Trial [Doc. 39], both filed on May 1, 2024.

In support of her motion, Defendant Long asserts that on March 6, 2024, she was indicted by a Grand Jury and the Court entered a scheduling order on March 19, 2024. Defendant Long was arrested on this indictment on or about April 22, 2024, and made her initial appearance in this Court on April 30, 2024, at which time counsel was appointed. Defense counsel has not yet received the discovery in this case and, Defendant states, would not be ready for trial were the Government to provide discovery by the current May 7 deadline. Therefore, Defendant requests a continuance so that defense counsel may have additional time to receive and review discovery, determine if any pretrial motions are appropriate, conduct legal and factual investigation, engage in potential settlement negotiations, and otherwise prepare for trial. Defendant Long both understands her right to a Speedy Trial and the fact that certain time will be excluded if the Motion

to Continue is granted. Defendant Long's motion reflects that counsel for the Government stated he had no objection to a continuance at her initial appearance.

After Defendant Long filed her motion to continue, the Court ordered the remaining parties to file a position on her motion [Doc. 138]. Soon after the Court entered this Order, Defendant Graham filed his motion to continue [Doc. 139].

Defendant Graham also asked the Court to continue trial. In support of his motion, Defendant asserts that he made his initial appearance in the Eastern District of Michigan on April 3, 2024, and was arraigned in this District on April 26. Defendant states that while the Government has provided some discovery, a significant amount of discovery has not yet been provided, including forensic cell phone evidence, documents, recordings, photos, and other material. Further, Defendant Graham is detained in Laurel County, Kentucky, which will require additional time for defense counsel to meet with him. Defendant understands his right to a speedy trial and that counsel for the Government and Codefendants Douglas and Chaney do not object to this motion. Defense counsel for Defendants Douglas and Chaney confirmed with Chambers via email that Defendants understand their right to a Speedy Trial and agree to the requested continuance.

Based upon the information in the motions to continue and because the Government and Codefendants Douglas and Chaney do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel for Defendants Long

2

and Graham need more time to time to review, discuss, and evaluate discovery with Defendants, determine if any pretrial motions are appropriate, and otherwise prepare for trial. The Court finds that all of this cannot occur before the May 21, 2024 trial date.

The Court therefore **GRANTS** Defendant Emily Long's Motion to Continue [**Doc. 37**] and Defendant Oronde Graham's Motion to Continue Trial [**Doc. 39**]. The trial of this case is reset to **August 27, 2024**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all of the time between the filing of the motion on May 1, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Emily Long's Motion to Continue [**Doc. 37**] and Defendant Oronde Graham's Motion to Continue Trial [**Doc. 39**] are **GRANTED**;

(2) the trial of this matter is reset to commence on **August 27, 2024, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **May 1, 2024**, and the new trial date of **August 27, 2024**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing pretrial motions is extended to **June 13, 2024**, and responses to motions are due on or before **June 27, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **July 26, 2024**;

(6) the deadline for filing motions *in limine* is **August 12, 2024**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **August 13, 2024, at 11:30 a.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **August 16, 2024**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge