UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-23-KAC-JEM |
| ORONDE M. GRAHAM,<br>JAMIL A. DOUGLAS,<br>MARVIN B. CHANEY, and<br>EMILY M. LONG, | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Marvin B. Chaney's Motion to Continue Trial and All Relevant Deadlines, [Doc. 49], filed on October 9, 2024.

Defendant Chaney requests that the Court continue the trial and all relevant deadlines [Doc. 49]. In support of his motion, Defendant Chaney states that his counsel received a plea offer from the Government but will not be able to discuss it with him before the plea deadline, due to counsel's schedule and because the location where Defendant Chaney is housed requires scheduling a visit at least one day in advance [*Id.* ¶ 1]. He notes that defense counsel still needs to review discovery with him as well but that counsel will not be able to do so before the plea deadline or the pretrial conference [*Id.* ¶ 2]. Defendant Chaney represents that neither the Government, nor Defendant Oronde M. Graham, nor Defendant Emily M. Long oppose a continuance [*Id.* at 2]. Defense counsel confirmed with Chambers via email that Defendants Graham and Long understand their rights to a speedy trial.

On October 11, 2024, the Court ordered Defendant Jamil A. Douglas to file a position on the motion [Doc. 50]. Defendant Douglas filed a notice that he does not object to a continuance and is similarly situated in that he needs additional time to seek a resolution in the matter [Doc. 51]. Defendant Douglas understands that the time between the filing of a motion for a continuance and a rescheduled trial date is fully excludable for speedy trial purposes [*Id.*].

Based upon the parties' positions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Counsel for Defendants Chaney and Douglas need further time to review discovery, negotiate with the Government to seek a resolution of the case, and otherwise prepare for trial if negotiations are not fruitful. The Court finds that all of this cannot occur before the November 12, 2024 trial date.

The Court therefore **GRANTS** Defendant Marvin B. Chaney's Motion to Continue Trial and All Relevant Deadlines [**Doc. 49**]. The trial of this case is reset to **February 25, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the motion on October 9, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Marvin B. Chaney's Motion to Continue Trial and All Relevant Deadlines, [**Doc. 49**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **February 25, 2025, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) all time between the filing of the motion on **October 9, 2024**, and the new trial date of **February 25, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **January 27, 2025**;

(5) the deadline for filing motions *in limine* is **February 10, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **February 11, 2025, at 3:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **February 14, 2025.**

**IT IS SO ORDERED.**

ENTER:

_____
Jill. E. McCook
United States Magistrate Judge